[No. B081752. Second Dist., Div. Three. Sept. 27, 1994.]

FRANK JAVIER ESPINOZA, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THE PEOPLE, et al., Real Parties in Interest.

**COUNSEL**

Roger Jon Diamond for Petitioner.

Buchalter, Nemer, Fields & Younger, Marcus M. Kaufman, Debra Solle Healy and John T. Philipsborn as Amici Curiae on behalf of Petitioner.

No appearance for Respondent.

Gil Garcetti, District Attorney (Los Angeles,), Brent Riggs and Joe Sorrentino, Deputy District Attorneys, DeWitt W. Clinton, County Counsel, Gordon W. Trask and James M. Owens, Deputy County Counsel, for Real Parties in Interest.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Tricia A. Bigelow and David A. Wildman, Deputy Attorneys General, Mayor, Coble & Palmer, Paul R. Coble, Green & Shinee and Richard A. Shinee as Amici Curiae on behalf of Real Parties in Interest.

## OPINION

## KITCHING, J.—

### INTRODUCTION

Petitioner, a defendant in a criminal trial, seeks to prohibit the county sheriff's department from supplying the bailiff in petitioner's trial, in which deputies from that sheriff's department will also testify for the prosecution. Petitioner contends that the common affiliation of bailiff and sheriff's deputy witnesses imposes too great a burden on defense attempts to demonstrate that the sheriff's deputy witnesses lack credibility. Petitioner argues that the bailiff will communicate to jurors the bailiff's belief in the credibility of sheriff's deputy witnesses. Petitioner also argues that the proper performance of the bailiff's duties will influence jurors favorably toward the sheriff's deputy witnesses. Jurors' perception of the common affiliation of bailiff and deputy witnesses, petitioner concludes, deprives him of a fair trial.

We find neither a constitutional nor an evidentiary basis for these contentions, however, and deny a writ of mandamus and prohibition seeking to disqualify a sheriff's deputy from acting as bailiff. A violation of the due process right to a fair trial may occur when the same sheriff's deputy testifies about evidence significant to the prosecution and also acts as bailiff for the jury. In this case, by contrast, the bailiff will have contact with jurors but will not testify; the sheriff's deputy witnesses will testify but will have no other contact with jurors. Under these circumstances, the Constitution does not require and the circumstances do not support a finding that this arrangement violates due process.

By information filed on March 31, 1992, the Los Angeles County District Attorney charged petitioner Frank Javier Espinoza with 12 counts of pimping (Pen. Code, § 266h), one count of pandering by procuring (Pen. Code, § 266i), and one count of possessing cocaine (Health & Saf. Code § 11350, subd. (a)). Espinoza (petitioner or Espinoza) moved for an order prohibiting the Los Angeles County Sheriff (respondent or the Sheriff) from acting as bailiff in Espinoza's jury trial.

After the trial court denied the motion, Espinoza filed a petition requesting this court to issue alternative writs of mandate and prohibition, stay the trial, and order the bailiff to be someone other than the Los Angeles County Sheriff. On February 28, 1994, this court filed its order to show cause on the issue raised in the petition and stayed proceedings in Espinoza's criminal trial.

On behalf of real parties in interest, the Los Angeles County Counsel, attorney for the Sheriff, filed a return by answer and opposition, and the District Attorney of Los Angeles County, attorney for the People of the State of California, filed points and authorities in opposition to the petition. The Attorney General of the State of California, the Association for Los Angeles Deputy Sheriffs, and the California State Sheriffs Association filed amicus briefs on behalf of real parties in interest. The Los Angeles County Municipal Judges' Association and the California Attorneys for Criminal Justice filed amicus briefs on behalf of petitioner.

### FACTS

There is no factual dispute. Petitioner Espinoza faces a jury trial on criminal charges investigated and instituted by the Los Angeles County Sheriff. Numerous Sheriff's deputies will testify against Espinoza. Their credibility as witnesses will be crucial to the People's case.

Another Sheriff's deputy, not a witness or otherwise involved in the prosecution, will act as bailiff. Espinoza relies on testimony by two Los Angeles Municipal Court judges and an experienced criminal defense attorney in arguing that Espinoza will suffer prejudice because the Sheriff employs both the deputy witnesses and the bailiff.

In ruling on the petition, the trial court ordered the Sheriff's deputy witnesses to testify in civilian clothing, and ordered the trial judge to voir dire prospective jurors on this issue. Petitioner contends that neither of these actions will assist him at trial.

### ISSUE

When a sheriff's deputy testifies for the People in a criminal trial, and a second sheriff's deputy acts as bailiff, does this violate the right to a fair jury trial under the federal and California Constitutions?

DISCUSSION

The petition acknowledges that this case does not concern the same person acting as bailiff and testifying as a prosecuting witness. That situation creates "great prejudice inherent in the dual role of jury bailiff and key prosecution witness," and infringes a defendant's due process right to a fair trial before an impartial jury. (*Gonzales* v. *Beto* (1972) 405 U.S. 1052 [31 L.Ed.2d 787, 92 S.Ct. 1503] (summary reversal, conc. opn. of Justice Stewart at p. 1055 [31 L.Ed.2d at p. 789]); *Turner* v. *Louisiana* (1965) 379 U.S. 466 [13 L.Ed.2d 424, 85 S.Ct. 546].)

Instead, Espinoza argues that prejudice arises because the same employer, the Los Angeles County Sheriff, employs the deputies testifying as prosecution witnesses and the bailiff in charge of the jury.

In *Turner*, the jury found the defendant guilty of murder committed during a robbery. Deputy Sheriffs Rispone and Simmons testified as the two principal prosecution witnesses. During a three-day trial, jurors were sequestered and placed in charge of deputy sheriffs, two of whom were Rispone and Simmons, who conversed and associated with jurors in the courthouse and when court was not in session. Simmons testified that he knew most of the jurors, made one or two new acquaintances among them, rode with jurors in automobiles to and from a restaurant, and sat at the same table while having at least two meals with jurors. Simmons was also the Chief Deputy Sheriff handling the jury and supervising other deputies in charge of jurors. Although both sheriffs stated they had not discussed the case with jurors as of the time of the mistrial motions, there was no evidence that they did not speak to jurors about the case during the rest of the trial. (*Turner* v. *Louisiana, supra,* 379 U.S. at pp. 466-473 [13 L.Ed.2d at pp. 424-429].)

*Turner* described the prejudice as "inherent in this continual association throughout the trial between the jurors and these two key witnesses for the prosecution." (379 U.S. at p. 473 [13 L.Ed.2d at p. 429].) *Turner* concluded that such contact between *any* witnesses and jurors undermined the basic guarantees of trial by jury. "But the role that Simmons and Rispone played as deputies made the association even more prejudicial. For the relationship was one which could not but foster the jurors' confidence in those who were their official guardians during the entire period of the trial. And Turner's fate depended upon how much confidence the jury placed in these two witnesses." (*Turner*, v. *Louisiana, supra,* 379 U.S. at p. 474 [13 L.Ed.2d at pp. 429-430], fn. omitted.)

In *Gonzales*, the defendant was convicted of shooting a gas station attendant to death during a holdup. The prosecution relied almost wholly on testimony by the county sheriff. He testified to the authenticity of a complex

written confession that he said the defendant had dictated and signed with an "X" even though the defendant could not read or write and spoke and understood English with difficulty. The sheriff was not only the key prosecution witness but also the bailiff, and thus responsible for jurors' care and protection. At one point during cross-examination, the judge ordered the sheriff to step down from the witness stand and escort jurors from the courtroom. Acting as bailiff, the sheriff conversed with jurors as they walked to a local restaurant, where he ate lunch with them in a private room. During deliberations the sheriff brought soft drinks to jurors in the jury room at their request. (*Gonzales* v. *Beto, supra,* 405 U.S. at pp. 1052-1053 [31 L.Ed.2d at pp. 787-788].)

*Gonzales* reiterated the analysis in *Turner* that the basic problem stemmed from contact between jurors and witnesses outside the trial. Even this sort of contact, however, did not cause *Turner* to set forth a "rigid, *per se* rule automatically requiring the reversal of any conviction whenever any Government witness comes into any contact with the jury." (*Gonzales* v. *Beto, supra,* 405 U.S. at p. 1054 [31 L.Ed.2d at pp. 788-789].)

California cases have also considered these issues. In *People* v. *Turner* (1983) 145 Cal.App.3d 658, 676-678 [193 Cal.Rptr. 614], a bailiff was called to testify about a brief conversation during the trial in which a witness voluntarily spoke to the bailiff. The bailiff testified only for three or four minutes and was not a key witness in the case; before trial the prosecution had not known the bailiff would be called to testify. *People* v. *Turner* noted that the trial court had determined that the probative value of the bailiff's proffered testimony outweighed its possible prejudice. *People* v. *Turner* also advised trial courts to use another bailiff whenever administratively possible after a bailiff has testified. *People* v. *Turner* concluded that any error in permitting the bailiff to testify was harmless beyond a reasonable doubt.

*People* v. *Cummings* (1993) 4 Cal.4th 1233, 1289-1291 [18 Cal.Rptr.2d 796, 850 P.2d 1], offers a similar example. In *Cummings,* the bailiff overheard a defendant make incriminating statements as he escorted the defendant from the courtroom to the main lockup. (*Id.* at p. 1266.) The bailiff had assisted in seating and escorting jurors and relaying juror messages to the court. *Cummings* affirmed the trial court's ruling that the bailiff's association with jurors was so minimal and professional that the probative value of his testimony outweighed any prejudice to the defendant because of the bailiff's status. The bailiff was not a key prosecution witness, was not identified as a possible witness before trial, had little direct contact with jurors, and was relieved of his courtroom duties when he became a witness. The trial court also admonished the jury to judge all witnesses' testimony on the same basis and to give no greater weight to the bailiff's testimony because he had been a deputy in the court.

Espinoza's petition, by contrast, does not allege either that a witness will have out of court contact with jurors, or that the same person will act both as bailiff and prosecution witness. As summarized by *Gonzales*, the problem arose because "crucial witnesses against the defendant . . . associated with the jurors as their official guardians throughout the trial." (*Gonzales, supra,* 405 U.S. at p. 1055 [31 L.Ed.2d at p. 789].) The prejudice, in other words, resulted from a single person wrongly assuming a "dual role." "Our adversary system of criminal justice demands that the respective roles of prosecution and defense and the neutral role of the court be kept separate and distinct in a criminal trial. When a key witness against a defendant doubles as the officer of the court specifically charged with the care and protection of the jurors, associating with them on both a personal and an official basis while simultaneously testifying for the prosecution, the adversary system of justice is perverted." (*Id.* at pp. 1055-1056 [31 L.Ed.2d at p. 789].)

By acting as bailiff and prosecution, the sheriff's deputy in *Gonzales* performed two roles which should have remained distinct. Espinoza does not claim that any of the Sheriff's deputy witnesses will also assume the bailiff's role, or indeed that they will have any contact with jurors other than as witnesses during trial.

The petition assumes that the Sheriff's employment of both the witness deputies and the bailiff creates prejudice by disposing the jury favorably toward the prosecution. This disposition, the petition argues, will make the defense attempt to discredit the Sheriff's deputy witnesses more difficult, because a bailiff will be caring for the jury.[1]

Espinoza presented no evidence that would bring this case within *Turner* v. *Louisiana* and *Gonzales* v. *Beto*. Petitioner, moreover, has not presented sufficient evidence to support his theory that jurors will believe sheriff's deputy witnesses more readily because they have contact with a sheriff's deputy bailiff. Further, he has not shown the preliminary fact that jurors would understand that the same department employs witness deputies and bailiffs. (See, e.g., the extensive evidence concerning juror attitudes and perceptions developed in a case seeking to exclude prospective jurors from

---

[1] In part this argument restates a theory according to which the disqualification of one deputy would also disqualify the sheriff as the deputy's principal, and by imputation, would disqualify all other deputies as well. *People* v. *Le Doux* (1909) 155 Cal. 535, 543 [102 P. 517], overruled on other grounds in *People* v. *Cahan* (1955) 44 Cal.2d 434, 445 [282 P.2d 905, 50 A.L.R.2d 513], and *People* v. *Swanson* (1938) 24 Cal.App.2d 544, 546-547 [75 P.2d 623], however, reject this theory. Disqualification of a sheriff also disqualifies the sheriff's agents, the deputies. But disqualification of a deputy does not operate to disqualify the deputy's principal, the sheriff, or any other deputies. Hence, the same deputy cannot act as bailiff and testify; but in the case at bench, one deputy who testifies does not disqualify a second deputy from acting as bailiff.

the guilt phase of a trial who are unequivocally opposed to imposing the death penalty at the penalty phase: *Hovey* v. *Superior Court* (1980) 28 Cal.3d 1, 26-60 [168 Cal.Rptr. 128, 616 P.2d 1301].) Nor does Espinoza show that even if jurors did perceive this common employer, they would also attribute to it the significance he claims. The record, finally, offers no basis for the conclusion that jurors lack the capacity to distinguish between the neutral role of bailiff acting as a court officer as opposed to the role of a Sheriff's deputy witness for the prosecution.[2]

The trial court in the case at bench responded to Espinoza's concern by ordering the Sheriff's deputy witnesses to testify wearing civilian clothing. The trial court also has the option of providing, at the parties' request, further safeguards by way of voir dire, admonishment, or special instructions to jurors concerning how to view testimony of sheriff's deputy witnesses, and on jurors' "arms' length" relations with bailiffs. (See, e.g., *People* v. *Cummings, supra*, 4 Cal.4th at p. 1291.)

Whether to take any of these steps is a decision best left to the trial court's discretion, to be exercised both within constitutional principles as well as within the confines of what is "administratively possible." (*People* v. *Turner, supra*, 145 Cal.App.3d at p. 678.) To disqualify all members of a sheriff's department from serving as bailiffs every time a deputy testified for the prosecution would severely encumber the criminal justice system. *Turner* v. *Louisiana* and *Gonzales* v. *Beto* clarify the circumstance in which a constitutional violation occurs. Espinoza's petition does not allege a constitutional infringement under that authority. Hence necessity does not warrant this court's adoption of the remedy urged by this petition.

While there may be some concern about the potential for prejudice that could arise because the sheriff employs both a bailiff and a witness, on this factual showing, the Constitution does not require and the evidence does not support a finding that prejudice is inherent or so likely as to violate due process. We remind trial judges of their duty to supervise proceedings so as to prevent contact between jurors and witnesses except in the courtroom. We

---

[2]In a petition for writ of mandate, the petitioner bears the burden of proving the existence of duty on the part of respondents. (*Conway* v. *City of San Mateo* (1981) 127 Cal.App.3d 330, 334 [179 Cal.Rptr. 561].) In addition, this court finds there was no abuse of discretion in denying the motion to bar the Los Angeles County Sheriff from acting as bailiff in petitioner's trial. See *People* v. *Hamilton* (1988) 46 Cal.3d 123, 140 [249 Cal.Rptr. 320, 756 P.2d 1348], where the court ruled on the denial of a motion to recuse the district attorney's office pursuant to Penal Code section 1424: "In determining whether a ruling on a motion to recuse was proper, a reviewing court applies the abuse-of-discretion standard. [Citations.] This is so 'Because the decision whether or not to disqualify is within the discretion of the [trial] court . . . .' [Citation.] Thus, just as the burden at the trial level is on the party seeking recusal [citation], so the burden on appeal is on the party complaining of the ruling."

also acknowledge that our ruling decides only a narrow issue presented by allegations in a pretrial writ.

The prospective nature of this pretrial petition provides no reason to depart from the rule in *People* v. *Hawthorne* (1992) 4 Cal.4th 43, 67 [14 Cal.Rptr.2d 133, 841 P.2d 118], referring to the ample contacts bailiffs have with juries which may offer the opportunity for untoward comment. "The mere potential for impropriety [] cannot sustain an inference of misconduct. As officers of the court, bailiffs must be presumed to act in accordance with their sworn duty to keep the jury insulated from all extraneous influences, including their own." (On the impartial role of bailiffs, see also *People* v. *Hedgecock* (1990) 51 Cal.3d 395, 420 [272 Cal.Rptr. 803, 795 P.2d 1260], and Pen. Code §§ 1121 and 1128.)

Since the case has not yet gone to trial, the petitioner cannot claim actual misconduct. "In determining in advance of trial if a particular procedure or proceeding comports with the demands of due process, the courts have sought to ascertain whether in the absence of relief a *reasonable likelihood* exists that a fair trial cannot be had." (*Gordon* v. *Justice Court* (1974) 12 Cal.3d 323, 329 [115 Cal.Rptr. 632, 525 P.2d 72, 71 A.L.R.3d 551] cert. den. 420 U.S. 938 [43 L.Ed.2d 415, 95 S.Ct. 1149], italics in original.)

The record provides no basis for a conclusion that the petition satisfies the *Gordon* standard. Hence we deny the petition.

### DISPOSITION

The petition for writs of mandamus and prohibition is denied. The February 28, 1994, stay imposed by this court in People v. Espinoza, Los Angeles Superior Court No. BA054272, is lifted.

Klein, P. J., and Croskey, J., concurred.

A petition for a rehearing was denied October 27, 1994, and the opinion was modified to read as printed above. Petitioner's application for review by the Supreme Court was denied January 4, 1995.